IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| vs. | ) Crim. No. 06-60-03 Erie |
| MICHAEL M. WALKER, JR. | ) |
| Defendant. | ) |

## OPINION

Defendant Michael M. Walker, Jr. has filed a *pro se* Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense pursuant to 18 U.S.C. § 3582(c) for a reduction of sentence. ECF No. 235. The Federal Public Defender was appointed to represent Mr. Walker in this matter. ECF No. 236. However, the Federal Public Defender has filed a motion to withdraw as counsel. ECF No. 247. We granted the motion to withdraw and will now address Mr. Walker's motion for a reduction of his sentence under section 3582(c)(2) based on changes to the Guidelines concerning crack cocaine.

A federal grand jury indicted the defendant with three counts of possession with the intent to distribute and distribution of five or more grams of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii), one count of possession with the intent to distribute fifty grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii), and one count of conspiracy to possess with the intent to distribute fifty grams or more of crack cocaine in violation of 21 U.S.C. § 846. On August 22, 2007, Mr. Walker plead guilty to the conspiracy charge pursuant to a plea agreement in which the parties agreed that the penalty that may be imposed included a term of imprisonment of not less than ten years. Plea Agr. ¶ C.1.a.

A Presentence Report was prepared indicating that Mr. Walker's total offense level was 27, and his criminal history was III, with an advisory guideline sentencing range of 87 to 108

months. However, Mr. Walker faced a 120-month statutory mandatory minimum making his guideline range 120 months. On December 4, 2007, Mr. Walker was sentenced to a term of imprisonment of 120 months.

On August 3, 2010, Congress enacted the Fair Sentencing Act, which reduced the disparity between crack cocaine and powder cocaine by reducing the statutory penalties for crack cocaine. Thereafter, the United States Sentencing Commission adopted Amendment 750 to account for the changes in the Fair Sentencing Act and revised the crack cocaine guidelines commensurate with the reductions in the statute. On June 30, 2011, the Sentencing Commission Adopted Amendment 759, making the changes in Amendment 750 retroactive to offenders who are serving terms of imprisonment.

This brings us to Mr. Walker present motion for reduction in sentence pursuant to section 3582(c). The statute provides in relevant part as follows:

> **(c) Modification of an imposed term of imprisonment.–** The court may not modify a term of imprisonment once it has been imposed except that– . . .
>
>> **(2)** in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The "applicable policy statement" relevant here is § 1B1.10, which, among other things, excludes a court from retroactively reducing a defendant's sentence if the amendment (here Amendment 750) "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a).

Although the sentencing guidelines applicable to crack cocaine defendants have been lowered and made retroactive to defendants such as Mr. Walker, the lowered statutory

2

mandatory minimum penalties of the Fair Sentencing Act have not been made retroactive to defendants whose sentences became final before the passage of the Act. United States v. Reevey, 631 F.3d 110 (3d Cir. 2010). Thus, the 120-month statutory mandatory minimum sentence would still apply to Mr. Walker. Accordingly, regardless of whether Mr. Walker's calculated guideline range would be lower as a result of the Act, we are bound to find that the applicable amended advisory guideline range must be no less than 120 months due to the statutory minimum sentence. His initial sentencing range was 120 months, and his amended range is 120 months. Mr. Walker is thus not eligible for a retroactive reduction in his sentence because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . ." 18 U.S.C. § 3582(c)(2).

Accordingly, we will deny Mr. Walker's motion.

### ORDER

AND NOW, to-wit, this 20th day of August 2012 it is hereby ORDERED, ADJUDGED and DECREED that Defendant's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense pursuant to 18 U.S.C. § 3582(c) (ECF No. 235) be and hereby is DENIED.

Maurice B. Cohill, Jr.
Senior United States District Judge

cc: counsel of record

    Michael M. Walker, Jr. *pro se*
    No. 13965-067
    FCI ALLENWOOD
    Federal Correctional Institution
    P.O. Box 2000
    White Deer, PA 17887